# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THOMAS WAYNE WRIGHT, | ) | 1:08cv0755 DLB |
| | ) | |
| | ) | ORDER REGARDING PLAINTIFF'S |
| Plaintiff, | ) | SOCIAL SECURITY COMPLAINT |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## BACKGROUND

Plaintiff Thomas Wayne Wright ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income ("SSI") pursuant to Title XVI of the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Dennis L. Beck, United States Magistrate Judge.[1]

## FACTS AND PRIOR PROCEEDINGS[2]

Plaintiff protectively applied for social security income on December 17, 2004, alleging disability since April 20, 2000, due to a bad back, right knee, left arm, left shoulder and tingling

---

[1] The parties consented to the jurisdiction of the United States Magistrate Judge. On July 3, 2008, the action was reassigned to the Honorable Dennis L. Beck for all purposes.

[2] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

1

and numbness in both hands. AR 252-54, 257. After being denied initially and on reconsideration, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). AR 216, 234-38, 240-244, 245. On April 25, 2006, ALJ James Ross held a hearing. AR 1104-24. ALJ Ross denied benefits on July 27, 2006. AR 12-23. On April 18, 2008, the Appeals Council denied review. AR 7-10.

Hearing Testimony

ALJ Ross held a hearing on April 25, 2006, in Fresno, California. Plaintiff appeared with his attorney, Melissa Proudian. AR 1106.

In response to questions from his attorney, Plaintiff testified that he mainly suffered from back pain and knee pain. AR 1111. On further questioning, he testified that he constantly has problems with depression, but did not know if it would interfere with his ability to work. AR 1112. He also has weight problems. AR 1112.

Plaintiff testified that he has pain in his mid to lower back. AR 1112. He would generally rate his pain about an eight, eight and one half, out of ten with or without medications. AR 1112. He did not think the medications were working. AR 1112. He is on Vicodin ES, Somas, and "diazide" for high blood pressure. AR 1112-13. The Vicodin ES, which he takes four times a day, eases the pain. AR 1113. He does not have any side effects from it. AR 1113.

Plaintiff also testified that he went to the emergency room more than five times in the year prior to the hearing. AR 1115. He goes to the emergency because his back locks up, he falls and the pain is really severe. AR 1115. The last time he fell, he cracked his right hip, but did not have to stay in the hospital. AR 1115-16. He had an x-ray, but did not have any treatment after he left the hospital. AR 1116. An MRI was ordered, but he did not fit into the machine. AR 1116.

Plaintiff testified that he thinks the back pain affects his ability to function. AR 1116. He was not sure how, but testified that it is hard for him to concentrate on anything because he is in constant pain. AR 1116. He can concentrate for a half hour to an hour at one time before having to take a 45 minute break. AR 1116-17. During the break, he would lie down and rest. AR 1117. He lies down about six times a day for a half hour or an hour. AR 1117.

Plaintiff testified that he has difficulty sitting in a chair because of pain and discomfort from his size and his back. AR 1117-18. The longest he can sit is 45 minutes. AR 1118. When he gets up, his back locks up and he falls. AR 1118. He can stand for five minutes and then his back starts to kink up. AR 1118. He has a cane, which his neurologist, "Dr. Schohan," gave to him. AR 1118. He is supposed to use it every day, but he only uses it when his back is really severe and he has a fear that he is going to fall. AR 1118-19. He uses it about three days a week because he does not want to get too dependent on it. AR 1119. He has difficulty walking when he is not using it and he needs to put his hand on something in case he starts to fall. AR 1119.

Plaintiff testified that he could walk 50 to 100 feet before he would have to lean on something or stop. AR 1119. He does not lift anything except his cane, which is under ten pounds. AR 1119-20. He can lift a plate of food and he can lift his clothes. AR 1120. He can dress himself except for his shoes and socks. AR 1120. He sits on a stool in the shower. AR 1120. He does not sleep very well at night because of back pain. AR 1120.

Plaintiff thought his high blood pressure was under control. AR 1120. He takes his medication as prescribed. AR 1120. He has not been told to follow a diet. AR 1121.

Plaintiff testified that he tries to help out with things around the house. AR 1121. He tries to vacuum twice a month. AR 1121. He does not do his own laundry, but goes grocery shopping twice a month. AR 1121. He drives about three days a week to Fresno and back, a distance of about 30 miles. AR 1121.

Plaintiff testified that on a typical day he spends a "couple" hours on the computer, for maybe 20 minutes at a time, surfing the net and talking to his friends. AR 1122. On a typical day, he watches about three hours of TV. AR 1122. The most he watches is an hour or an hour and a half at one time. AR 1122.

Medical Record

The ALJ summarized the medical record. Plaintiff has not challenged the ALJ's assessment of any medical evidence. Instead, Plaintiff challenges the ALJ's credibility determination. Neither party has provided a summary of the medical record. Accordingly, the

Court will not include a separate summary of the medical record, but will provide relevant citations to the medical record as appropriate.

   ALJ's Findings

The ALJ determined that Plaintiff had the severe impairments of low back pain of unclear etiology and obesity. Despite these impairments, the ALJ found that Plaintiff retained the residual functional capacity to lift and carry 20 pounds occasionally and 10 pounds frequently, to stand and/or walk for six hours and to sit for six hours in an eight-hour workday. He occasionally could climb ladders, ropes and scaffolds and occasionally could stoop and crawl. He should avoid exposure to excessive pulmonary irritants. Given this RFC, the ALJ concluded that Plaintiff could perform his past relevant work as a delivery driver. AR 20-22. In the alternative, there were jobs that existed in significant number in the national economy that Plaintiff could perform. AR 22-23.

**SCOPE OF REVIEW**

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, the Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. 405 (g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler,* 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *E.g.*, *Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

## REVIEW

In order to qualify for benefits, a claimant must establish that he is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c (a)(3)(A). A claimant must show that he has a physical or mental impairment of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

In an effort to achieve uniformity of decisions, the Commissioner has promulgated regulations which contain, inter alia, a five-step sequential disability evaluation process. 20 C.F.R. §§ 404.1520 (a)-(g), 416.920 (a)-(g). Applying this process in this case, the ALJ found that Plaintiff: (1) had not engaged in substantial gainful activity since the alleged onset of his disability; (2) has an impairment or a combination of impairments that is considered "severe" (low back pain of unclear etiology and obesity) based on the requirements in the Regulations (20 C.F.R. § 416.920); (3) does not have an impairment or combination of impairments which meets or equals one of the impairments set forth in Appendix 1, Subpart P, 20 C.F.R. Part 404; but (4) can perform his past relevant work as a delivery driver. In the alternative, the ALJ determined that there are jobs that exist in significant number in the national economy that Plaintiff can perform. AR 16-22.

Here, Plaintiff argues that the ALJ committed reversible error in finding him not credible.

## DISCUSSION

Plaintiff's argument is based on his belief that the ALJ explicitly rejected his testimony because (1) the objective medical evidence did not support the level of limitation described by Plaintiff; and (2) his daily activities are inconsistent with disability. Plaintiff's Opening Brief, p. 7. Plaintiff argues that the ALJ's rationale is legally insufficient, and had the ALJ properly credited his testimony, it was clear that Plaintiff could no longer engage in substantial gainful

activity. As discussed more fully below, Plaintiff's interpretation of the ALJ's findings is incorrect.

An ALJ is required to make specific findings assessing the credibility of plaintiff's subjective complaints. *Ceguerra v. Secretary of HHS*, 933 F.2d 735 (9th Cir. 1991). "An ALJ is not 'required to believe every allegation of disabling pain' or other non-exertional impairment." *Orn v. Astrue*, 495 F.3d 625, 635 (9th Cir. 2007) (citation omitted). In rejecting the complainant's testimony, "the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater,* 81 F.3d 821, 834 (9th Cir. 1996) (quoting *Varney v. Secretary of Health and Human Services,* 846 F.2d 581, 584 (9th Cir. 1988)).

Pursuant to Ninth Circuit law, if the ALJ finds that the claimant's testimony as to the severity of his pain and impairments is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony. *Thomas v. Barnhart,* 278 F.3d 947, 958 (9th Cir. 2002). "The ALJ may consider at least the following factors when weighing the claimant's credibility: '[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." *Id.* (citing *Light v. Soc. Sec. Admin.,* 119 F.3d 789, 792 (9th Cir. 1997). "If the ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing." *Id.*

Here, the ALJ provided multiple reasons for finding Plaintiff's allegations "overstated" and "not fully supported," ultimately determining Plaintiff's credibility to be "poor." AR 20. Contrary to Plaintiffs' assertions, the ALJ's reasons were not based on a lack of objective medical evidence or a determination that Plaintiff's daily activities were inconsistent with work activity.

First, the ALJ noted, and the record reflects, that Plaintiff had "a very poor work history with only two full substantial gainful activity years in the past relevant 15 years." AR 20-21,

6

255, 258. An ALJ may properly consider a claimant's work history when assessing credibility. *Thomas*, 278 F.3d at 958 (ALJ may consider a claimant's work record when weighing a claimant's credibility).

Second, the ALJ determined that Plaintiff's statements to the consultative examiners contradicted his own testimony, and his testimony had internal contradictions as well. For example, the ALJ considered Plaintiff's report to one consultative examiner that he "cannot read," but he subsequently admitted to another consultative examiner that he spent "five, six or seven hours on the computer" on the Internet or in chat rooms. AR 21, 334, 338. Plaintiff also testified that he spends a couple of hours on the computer despite informing the consultative examiner that he uses the computer for five to seven hours a day. AR 21, 334, 1122. The ALJ additionally considered inconsistencies in Plaintiff's representation (through his attorney) that he could not sit more than 15 minutes at a time in contrast with his later testimony that he drives three days a week to Fresno and back, for 30 miles, which is more than 15 minutes. AR 21, 1107, 1121. The ALJ further noted that despite testifying that he drove 30 miles, Plaintiff informed the consultative examiner that he only drives about three miles for groceries. AR 21, 332, 1121. An ALJ may properly consider inconsistencies in a claimant's statements or between his statements and behavior in determining credibility. *Thomas*, 278 F.3d at 958 (factors that may be considered when weighing credibility include inconsistencies either in claimant's testimony or between his testimony and his conduct).

Third, the ALJ considered reports of Plaintiff's "positive drug-seeking behavior." AR 21. The ALJ acknowledged a medical source report that Plaintiff was "well-known to the ER for drug-seeking" and was refused Vicodin. AR 21, 889. The ALJ also summarized medical records documenting Plaintiff's drug-seeking behaviors. AR 21. For instance, the ALJ pointed to medical records that Plaintiff received an injection of Toradol for chest pain on September 21, 2004, at Madera Community Hospital. AR 363. The next day, on September 22, 2004, he received an injection of Toradol at Selma Community Hospital for low back pain, but was suspected of malingering when he complained that he could not get Demerol or Morphine at that facility. AR 793. Thereafter, on September 27, 2004, Plaintiff received an injection of

7

Demerol/Phenergan on September 27, 2004, at Madera Community Hospital for a headache. AR 357, 360. The following day, September 28, 2004, Plaintiff returned to Selma Community Hospital complaining of headache with photophobia. Plaintiff reported that he had only received an injection of Toradol at Madera Community Hospital and requested Demerol and Vicodin. The medical records noted that Plaintiff was not avoiding light, holding his head or grimacing due to head pain. AR 790. Later that evening, Plaintiff went to Madera Community Hospital and received injections of Toradol and Demerol/Phenergan for headache. AR 1057. The ALJ reasoned that Plaintiff's efforts to obtain overlapping treatment suggested that Plaintiff was "shopping around" for narcotic medications. AR 21. Additionally, the ALJ considered Plaintiff's failure to obtain any follow-up treatment with a pain management specialist despite being told to do so. AR 21, 663-64, 790, 804. The ALJ is entitled to draw inferences logically flowing from the evidence. *See Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).

Fourth, the ALJ acknowledged at least one medical source report of "possible malingering" in connection with Plaintiff's back pain. AR 21, 793. In that instance, Plaintiff saw Dr. Anna Marie Gonzalez at Selma Community Hospital for back pain. AR 793. As reported by the ALJ, Dr. Gonzalez assessed Plaintiff with chronic back pain and "possible malingering," following an examination during which Plaintiff winced "with minimal pressure" on the lower thoracic spine all the way down to the sacrum. AR 21, 793. The ALJ also took note that in June 2004, Plaintiff complained of severe back pain, but was reported to be sitting on a bed and swinging his legs with no signs of pain until the nurse came into view. AR 21, 454. The ALJ's determination and the supporting record contradict Plaintiff's assertion that there is "no evidence of malingering here." Plaintiff's Opening Brief, p.11.

Plaintiff's further contention that the ALJ erred by merely citing his ability to perform some daily activities without determining their transferability to the work setting is unpersuasive. The ALJ is entitled to examine Plaintiff's daily activities. *Thomas*, 278 F.3d at 958. In this instance, the ALJ did not cite Plaintiff's activities and conclude that his ability to participate in them meant Plaintiff could engage in substantial gainful activity. Instead, and as noted above, the ALJ considered Plaintiff's daily activities in the context of inconsistent testimony, concluding

"[i]t is for the above discrepancies that I do not find the claimant to be credible." AR 22. The ALJ expressly noted that Plaintiff had "different reports on his daily activities." AR 21. Given the extensive discussion by the ALJ regarding discrepancies in Plaintiff's testimony, his drug seeking behavior and possible malingering, the ALJ made a reasonable conclusion without relying on Plaintiff's daily activities and their transferability to a work setting.

The weight of the evidence supports the ALJ's conclusion that Plaintiff was not credible and allows the Court to determine that the ALJ did not arbitrarily reject his testimony.

## **CONCLUSION**

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, this Court DENIES Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. The clerk of this Court is DIRECTED to enter judgment in favor of Defendant Michael J. Astrue, Commissioner of Social Security, and against Plaintiff Thomas Wright.

IT IS SO ORDERED.

Dated: **May 18, 2009**   /s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE